UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
(DURHAM DIVISION)

In re Michael B. Nifong,

    Debtor,

615 November Drive
Durham, N.C. 27712

    xxx-xx-3300.

Case No. 08-80034

Adversary No. 08-_____

Chapter 7

## COMPLAINT FOR EXCEPTION FROM DISCHARGE

### PARTIES

1. Plaintiff David F. Evans is a citizen and resident of New York. Plaintiff Collin Finnerty is a citizen and resident of New York. Plaintiff Reade Seligmann is a citizen and resident of New Jersey.

2. Debtor Michael B. Nifong is an individual residing at 615 November Drive, Durham, N.C. 27712.

### JURISDICTION

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.

### BACKGROUND

4. Nifong filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 15, 2008. The petition lists a $30 million unsecured debt owed by Nifong to each Plaintiff—a total of $90 million. Nifong admitted during the

Feb. 8, 2008 Creditors' Meeting that these debts arise from the intentional tort claims that Plaintiffs asserted against Nifong in *Evans v. City of Durham*, No. 1:07CV739 ("the District Court action"), filed in the District Court on Oct. 5, 2007. Nifong did not file a responsive pleading in the District Court action, and instead filed a bankruptcy petition on the date that his answer was due.

5. The complaint in the District Court action asserts claims against Nifong for intentional torts: malicious prosecution and seizure in violation of 42 U.S.C. § 1983; concealment of evidence and seizure in violation of 42 U.S.C. § 1983; fabrication of false evidence and seizure in violation of 42 U.S.C. § 1983; false public statements and seizure in violation of 42 U.S.C. § 1983; conspiracy in violation of 42 U.S.C. § 1983; conspiracy to obstruct justice in violation of 42 U.S.C. § 1985(2); conspiracy to tamper with witnesses in violation of 42 U.S.C. § 1985(2); conspiracy to obstruct justice in violation of 42 U.S.C. § 1985(3); as well as claims for malicious prosecution, obstruction of justice, intentional infliction of emotional distress, and conspiracy under North Carolina law.

6. Nifong's liabilities to Plaintiffs arise from his committing the acts alleged in the complaint in the District Court action with the actual intent to injure Plaintiffs. (The allegations of the District Court complaint concerning Nifong's conduct are incorporated herein by reference.)

7. As a result of Nifong's wrongdoing, Plaintiffs were arrested, indicted, prosecuted, and publicly vilified in the absence of probable cause. As a result of their

unlawful seizures, Plaintiffs suffered economic loss, physical harm, emotional trauma, loss of liberty, loss of privacy, loss of education, and irreparable harm to their reputations.

8. After Nifong was accused of intentional misconduct by the North Carolina State Bar and forced to recuse himself from the case, a thorough investigation was conducted by North Carolina's Attorney General, who thereafter dismissed all criminal charges and took the unusual step of pronouncing Plaintiffs completely innocent.

9. The North Carolina State Bar Disciplinary Hearing Commission subsequently disbarred Nifong, finding by "clear, cogent, and convincing evidence" that "Nifong's misconduct [wa]s aggravated by . . . [a] dishonest or selfish motive." The Commission also found that "Nifong's misconduct resulted in significant actual harm to Reade Seligman, Collin Finnerty, and David Evans and their families," as well as harm to the legal profession and the justice system.

10. On August 31, 2007, Nifong was found guilty of criminal contempt by the Superior Court for Durham County for his actions in the investigation and prosecution of Plaintiffs.

## COUNT I
**(Exception From Discharge—11 U.S.C. § 523(a)(6))**

11. Plaintiffs repeat and realleage the foregoing paragraphs, and by reference incorporate them herein and make them a part of this count.

12. Nifong's liabilities to Plaintiffs arise from willful and malicious injury, including, for example, from his fabricating false evidence, concealing evidence of

Plaintiffs' actual innocence and the lack of probable cause to arrest them, tampering with witnesses, and making false and inflammatory statements regarding Plaintiffs' supposed guilt.

13. Nifong engaged in this wrongdoing with the actual intent to injure Plaintiffs.

14. Because Nifong's liabilities to Plaintiffs arise from willful and malicious injury to Plaintiffs, these liabilities are non-dischargeable under 11 U.S.C. § 523(a)(6).

15. Plaintiffs demand a jury trial in the District Court on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter Judgment:

a) Pursuant to 11 U.S.C. § 523(a)(6) declaring Nifong's liabilities to Plaintiffs non-dischargeable;

b) Providing such other and further relief as is just and equitable.

Dated: April 8, 2008                    Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By: ___s/ Charles Davant IV_____
    Charles Davant IV (N.C. Bar #28489)
    725 Twelfth Street, N.W.
    Washington, D.C.  20005
    Tel.   (202) 434-5000
    Fax.   (202) 434-5029
    Email  cdavant@wc.com

*Attorneys for Plaintiffs
David F. Evans and Collin Finnerty*

-and-

**RUDOLF WIDENHOUSE & FIALKO**

By: ___s/ David S. Rudolf_____
      David S. Rudolf (N.C. Bar #8587)
      312 West Franklin Street
      Chapel Hill, NC 27516
      Tel.   (919) 967-4900
      Email  dsrudolf@rwf-law.com

*Attorneys for Plaintiff Reade Seligmann*